# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABIN M'BOGNING TONFACK,** | : |
| | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:13-1886 |
| v. | : |
| | : (Judge Mannion) |
| **ERIC HOLDER, et al.,** | : |
| | : |
| Respondents | : |

## MEMORANDUM[1]

Petitioner, Gabin M'Bogning Tonfack, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Tonfack challenges a travel document, authorizing his removal to Cameroon, issued after an Immigration Judge ordered him removed, denied him asylum and granted him withholding of removal to his birth place, the Ivory Coast. (Doc. No. 1, petition). Petitioner requests this Court enjoin Respondent from removing Petitioner to Cameroon, with the use of "an unlawful travel document, and without Petitioner's consent." Id. Thus, Petitioner seeks to

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

be released from custody pending removal. (Id.). The petition is ripe for disposition, and for the reasons set forth below, this Court will **DENY** the petition for writ of habeas corpus.

**Background**

Tonfack, a national of Cameroon and a citizen of the Ivory Coast, was admitted to the United States at, or near, San Francisco, California, on or about September 13, 2006, as a non-immigrant student with authorization to remain in the United States for the duration of that status. (See Doc. No. 7, Ex. 1, Notice to Appear).

On February 11, 2010, Tonfack was convicted in the Superior Court of California, County of Santa Clara, of four counts of Acquiring and Retaining Access Card Account Information with Fraudulent Intent. Id. He was sentenced to thirty days imprisonment on each count, to be served concurrently. Id.

On July 20, 2012, Tonfack was convicted in the United States District Court for the Eastern District of Pennsylvania for Access Device Fraud, a violation of 18 U.S.C. §1029(a)(2), (b)(1), and (c)(1)(A)(I). Id. He was sentenced to twelve months, and one day imprisonment, and ordered to pay restitution. Id.

On July 26, 2012, San Francisco State University terminated Tonfack's

student status. Id.

On January 7, 2013, ICE issued a Notice to Appear, charging Tonfack as deportable under Section 237 (a)(2)(A)(I) of the Immigration and Nationality Act as a person having been convicted of a crime of moral turpitude within five years after admission for which a sentence of one year or longer may be imposed. Id. Tonfack was also charged as removable under Section 237(a)(2)(A)(ii), in that, at any time after admission he had been charged with two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. Id. Finally, Tonfack was charged as removable under Section 237 (a)(1)(C)(I), in that, after admission as a nonimmigrant, Tonfack failed to comply with the conditions under which he was admitted to the United States. Id.

By Order dated April 16, 2013, the Immigration Judge denied Tonfack's asylum application, but granted withholding of removal to the Ivory Coast. (Doc. No. 7, Ex. 2, Order of the Immigration Judge). Both Tonfack and the Department of Homeland Security waived their right to appeal. Id.

Subsequent to the removal order, Cameroon issued a travel document for Tonfack. (See Doc. No. 7, Ex. 3, Travel Document).

On July 11, 2013, Tonfack filed the instant action, challenging the validity of the Cameroon travel document acquired by ICE to remove him to Cameroon.

3

(Doc. No. 1, Ex. 1, petition). Petitioner also challenges ICE's decision to remove him to a country other than Ivory Coast, despite his grant of deferral under the Convention Against Torture; and ICE's alleged failure to consider his CAT claims as they pertain to Cameroon. Id.

**Discussion**

With respect to federal habeas corpus petitions filed by ICE detainees, the federal district courts only have jurisdiction in cases where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v. Department of Homeland Security. 2009 WL 2475440 * 1 (M.D. Pa. Aug.12, 2009) (Jones, J.). No such relief is requested in this matter. Rather, as detailed above, central to Petitioner's action, is his challenge to the travel document born out of his final order of removal.

The REAL ID Act of 2005 amended section 242(a) of the Immigration and Nationality Act (INA) to provide that the sole and exclusive means to review an order of removal entered or issued under any provision shall be by petition for review in the appropriate court of appeals. See 8 U.S.C. §1252(a)(5). This amendment became effective on May 11, 2005.

4

Petitions for review filed with the proper court of appeals within the first thirty (30) days after issuance of an order of removal are now the sole vehicle whereby aliens can challenge their removal. Kolkevich v. Attorney General of the United States, 501 F.3d 323, 329 (3d Cir. 2007). Each of Tonfack's challenges, i.e. the validity of the travel document issued by Cameroon, ICE's alleged failure to consider his claims of torture if returned to Cameroon, and the country chosen by ICE to remove Tonfack, are direct challenges to his final order of removal, and consequently, may only be brought in the United States Court of Appeals. 8 U.S.C. § 1252(a)(5) (1999 & Supp. 2005); see also Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005)(finding that the sole and exclusive means of judicial review for all orders of removal is a petition to the court of appeals).

Moreover, even if this action is "not explicitly styled" as a challenge to a removal order, it seeks essentially the same relief, and, as such, this Court lacks jurisdiction to entertain the matter under the Real ID Act. See Jimminez v. Holder, 338 Fed. Appx. 194, 196 (3d Cir. 2009).

In certain circumstances, a district court may transfer such a petition to the court of appeals. However, since Petitioner's action, filed July 10, 2013, is

challenging a order of removal which became final on May 16, 2013,[2] this matter is untimely, as it was not initiated within (30) days of the date of said decision, and therefore, not amenable for transfer to the Court of Appeals. See Monteriro v. Attorney General, 261 Fed. Appx. 368, 369 (3d Cir. 2008). Accordingly, Tonfack's action must be dismissed for lack of jurisdiction. A separate Order will be issued.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

Dated: October 9, 2013
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1886-01.wpd

---

[2] An alien detainee's order of removal becomes administratively final either when the BIA denies the alien's appeal or upon expiration of the time to file such an appeal. See 8 U.S.C. §1231(a)(1)(B). The time to appeal an Immigration Judge's removal decision to the BIA expires thirty days after the entry of the Immigration Judge's removal order. See 8 C.F.R. §1003.38(b). Hence, Petitioner's order of removal became "administratively final," on May 16, 2013, thirty days after the entry of the Immigration Judge's April 16, 2013 order of removal.